[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13673
_____

Agency No. A094-814-802

ZHU YING DONG,
XIN QUN LIN,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 13, 2013)

Before MARCUS, BLACK and RIPPLE,* Circuit Judges.

PER CURIAM:

_____

* Honorable Kenneth F. Ripple, United States Circuit Judge for the Seventh Circuit, sitting by designation.

Petitioners Xin Qun Lin and Zhu Ying Dong are a husband and wife who are natives and citizens of China.  Lin and Dong petition for review of the Board of Immigration Appeals' (BIA) dismissal of their appeal from the decision of the Immigration Judge (IJ) denying their applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture based on their fear of forcible sterilization and economic sanctions for violating China's one-child policy.

## I. STANDARD OF REVIEW

We review the conclusion that an alien does not have a well-founded fear of persecution under the highly deferential substantial evidence test.    *Shi v. U.S. Att'y Gen.*, 707 F.3d 1231, 1234 (11th Cir. 2013).  Because the BIA issued its own decision, we review only the BIA's order except to the extent the Board expressly adopted the IJ's opinion or reasoning.  *Id.*

## II. DISCUSSION

*A. The Agency's Consideration of the Petitioners' Applications*

Dong and Lin argue the agency erred when it failed to give proper weight to the evidence they submitted demonstrating one of them would be forcibly sterilized upon returning to China because they violated China's family planning policies by having two children while living in the United States.  We agree that the agency erred in its consideration of the petitioners' applications.

2

First, while the BIA and IJ are not required to discuss every piece of evidence in the record, the agency must nevertheless consider all of the evidence submitted by an applicant, *Seck v. U.S. Att'y Gen.*, 663 F.3d 1356, 1368 (11th Cir. 2011), and may not "selectively consider evidence, ignoring that evidence that corroborates an alien's claims and calls into question the conclusion the judge is attempting to reach," *Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1280 (11th Cir. 2009) (quotation omitted). Accordingly, "a remand is necessary when the record suggests that the Board failed to consider important evidence in [the] record." *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1355 (11th Cir. 2009).

The record in this case leads us to the conclusion the agency failed to consider important evidence submitted by the petitioners. Dong and Lin submitted numerous items of evidence corroborating their claims and calling into question the conclusion the agency was attempting to reach. This evidence includes the 2009 Annual Report from the Congressional-Executive Commission on China indicating that "[l]ocal authorities continue to mandate surgical sterilization and the use of contraception as a means to enforce birth quotas," and "[i]n March 2009, township-level authorities in Fujian province's Sha county issued family planning recommendations that call on officials to 'strictly act on the demand to carry out tubal ligation within one month' for women who give birth to a second or third child, and set the implementation target for this group at 100 percent." The

3

petitioners also submitted the 2009 testimony from the U.S. Congressional Tom Lantos Human Rights Commission that included statements about the frequency and commonplace nature of forced sterilizations in China. The BIA further failed to account for evidence in the record from the 2010 Country Report providing that "[o]fficials at all levels remained subject to rewards or penalties based on meeting the population goals set by their administrative region. . . . Linking job promotion with an official's ability to meet or exceed such targets provided a powerful structural incentive for officials to employ coercive measures to meet population goals." The BIA's failure to discuss any of this evidence necessitates a remand. *See Kazemzadeh*, 577 F.3d at 1355.

Second, in addition to considering all of the applicant's evidence, the BIA and IJ must "announce their decision[s] in terms sufficient to enable a reviewing court to perceive that they have heard and thought and not merely reacted." *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010) (quotation and alterations omitted). The BIA and IJ did not issue a decision adequate for us to perceive they "heard and thought" instead of merely reacting. The BIA discounted statements from the petitioners' friends and family providing they had been sterilized after the birth of a second child because those individuals were not similarly situated to Dong and Lin in that they did not have children born in the United States. Because the BIA explicitly agreed with the IJ's finding that the petitioners' friends and

family were not similarly situated to Dong and Lin, we review both the BIA's and the IJ's findings. *See Shi*, 707 F.3d at 1234. In *Li v. U.S. Att'y Gen.*, 488 F.3d 1371, 1372-73 (11th Cir. 2007), we considered a petitioner's motion to reopen her removal proceedings based on the fact that Fujian Province officials had increased their persecution of parents with two children. In granting the petition and remanding to the BIA, we rejected the agency's distinction between foreign and Chinese-born children when there was no evidence in the record suggesting officials make such a distinction. *Id.* at 1376.[1]

In this case, there is conflicting evidence in the record regarding how Chinese officials will treat Dong's and Lin's children for purposes of the family planning policy. Because neither the IJ nor the BIA cited supporting evidence for their conclusion that Dong's and Lin's children will be treated differently than Chinese-born children, or attempted to reconcile the conflicting evidence, the agency did not announce its decision in terms sufficient for our review. *See Ayala*, 605 F.3d at 948 ("When the Board or the Immigration Judge has failed to give reasoned consideration or make adequate findings, we remand for further proceedings because we are unable to review the decision." (quotation and brackets omitted)).

---

[1] Although *Li* involved a motion to reopen, that we were considering whether the petitioner established a *prima facie* case for eligibility rather than carried her ultimate burden of proof is immaterial. This Court's discussion of the BIA's flawed reasoning and reliance on an unsupported distinction is instructive regardless of the difference in the procedural posture between *Li* and the instant case.

Third, the BIA is required to engage in an individualized analysis of an applicant's specific situation. *Seck*, 663 F.3d at 1368. The BIA in this case did not conduct an individualized determination of Dong's and Lin's specific situation, but, instead, faulted them for failing to distinguish their case from the Board's published cases from 2007 discussing the treatment of returning Chinese with United States-citizen children. For instance, after stating that Dong's and Lin's evidence was cumulative of documentation analyzed in its published decisions, the BIA concluded "[t]here is insufficient evidence to warrant distinguishing our prior conclusion that physical coercion to achieve compliance with family planning goals is uncommon and unsanctioned by China's national laws and the overall policy is much more heavily reliant on incentives and economically based penalties." Although past decisions of the Board may be informative in guiding the BIA's analysis and reasoning, the BIA must still account for the applicants' specific situation and evidence postdating the decisions on which the BIA relied. *See Seck*, 663 F.3d at 1368 ("General information about the conditions in a given country are only useful to the extent that they comment upon or are relevant to the highly specific question of whether *this individual* has suffered or is likely to suffer persecution in a country." (quotation omitted)).

Thus, because the record indicates (1) the agency failed to consider important evidence, (2) did not issue a reasoned decision sufficient for our review,

and (3) failed to conduct an individualized analysis of the petitioners' case, we grant the petition and remand to the BIA for further proceedings.[2]

*B. Economic Persecution*

Dong and Lin also contend the agency erred when it found they did not have a well-founded fear of persecution based on the fines they would have to pay if they returned to China. However, Dong and Lin failed to carry their burden for obtaining relief on the basis of alleged economic persecution because they did not provide any information about their net worth, other sources of income, and conditions about the local economy. *See Matter of T-Z-*, 24 I. & N. Dec. 163, 173-74 (BIA 2007).

Accordingly, we GRANT the petition in part, DENY the petition in part, and REMAND for further proceedings consistent with this opinion.

---

[2] In remanding to the BIA, we express no opinion about whether the petitioners have met their ultimate burden for obtaining asylum or other relief. Instead, we remand solely for the BIA to conduct its review in a procedurally proper manner.